## J. F. LUKE et al. *v.* WM. GUNNELL et al.

**Sale of Wife's Land.**

The sale of the wife's land to the husband's father and the reconveyance by the father to the husband did not vest the wife's title in husband, as there was no consideration for the sale.

**Same — Bona Fide Purchaser.**

The subsequent conveyance of the land by the husband and wife was by fraud and coercion, yet as Johnson was a *bona fide* purchaser for a valuable consideration without notice the appellants, since her death, cannot reclaim title.

**Same — Equity.**

The appellants are equitably entitled to recover from appellee their interest in the amount paid to him for the land.

### APPEAL FROM SCOTT CIRCUIT COURT.

### October 1, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

It does not appear that the conveyance of the land of the appellee's wife to his father was either for any valuable consideration or so acknowledged by her as to pass her title, and, consequently, his father's reconveyance to him does not seem to have vested her title in him. But, although it is quite apparent that the subsequent conveyance of the land to Johnson by the appellee and his wife was, so far as she was concerned, superinduced by fraud and virtual coercion, yet, as Johnson was apparently a *bona fide* purchaser for a valuable consideration without notice, the appellants cannot, by her representatives, since her death, reclaim the title.

But the appellants are equitably entitled to recover from the appellee their distributable interest in the amount paid to him for the land by Johnson. He has failed to show that the sale to Johnson was made to reimburse money alleged to have been advanced to the use of the appellants and their mother. No such advance has been satisfactorily established; and if any had been made, we

might reasonably presume that it had been refunded by the appellee's sale of two other smaller tracts of land and by Morris' note for about $1,100, payable to his deceased wife as guardian.

Wherefore, the judgment dismissing the petition of the appellants is reversed, and the cause remanded for a judgment in their favor against the appellee as herein before indicated, with legal interest from the time of payment by Johnson.